Per Curiam.

In the instant case, after the board received the letter from the candidate requesting it to change his address on the registration records, the candidate signed his declaration giving his new address as his voting address.
The board contends that Section 4785-44, General Code, requires that “a change in registration * * * by a written notice by mail” must be made on the card “with approximately the * * * wording” specified in that statute. It may be observed that the statute requires the board to provide these “change of residence notices in card form” and also provides that there “shall be attached the signed statement of two electors as indicated” in the form specified. However, the record in the instant case discloses that the card, which is furnished by this board for this purpose, bears only a remote resemblance to the form specified in the statute and does not require any statement by other electors. In fact, that card requires nothing more than was clearly furnished by the candidate’s letter, which the board admittedly received before the candidate signed his declaration of candidacy. The information so furnished was all that was required to enable the board to change the registration of the candidate, and that is probably why the form of card used by this board requires nothing more.
The board can not base its action in the instant case on its failure to take notice of this information received by it, the information having been substantial *329 ly that required by the statute to effect a change in registration by mail.
The writ is allowed.

Writ allowed.

Stewart, Middleton, Taft and Matthias, JJ., concur.